IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSAMOND ISENBERG, et al., Plaintiffs, v. YANNI'S REMODELING, et al., Defendants. | CIVIL ACTION NO. 07-3646 |

MEMORANDUM AND ORDER

Katz, S.J.                                                                                           October 31, 2007

Before the court are Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer Venue" (Document No. 6), and Plaintiffs' response thereto (Document No. 10). For the following reasons, Defendants' motion is granted and this case will be transferred to the United States District Court for the District of New Jersey.

**I. Background**

Plaintiffs are Pennsylvania residents who own a home at 27 N. Martindale Avenue, Ventnor, New Jersey 08406. (Compl., Document No. 1, ¶¶ 1, 5.) Defendant Yanni's Remodeling is a New Jersey company with its principal place of business in New Jersey. (Defs.' Mem., Document No. 6, 2.) Defendant John Tsapis is a resident of New Jersey. (Defs.' Mem. 3.)

It is undisputed that in October of 2004, Plaintiffs retained Defendants to perform work on their New Jersey home. (Defs.' Mem. 3; Compl., Document No. 1, ¶ 6.) Plaintiffs claim that Defendants failed to not only complete the work in a timely and workmanlike manner, but also to comply with the terms of the April 9, 2005 contract. (Compl. ¶¶ 9, 16-58.) Plaintiffs also allege that Defendants failed to secure the necessary permits for the contracted work. (Compl. ¶¶ 12, 23.)

Plaintiffs assert claims for breach of contract, express and implied warranties, and implied covenants of good faith and fair dealing. (Compl. ¶¶ 59-84.) Plaintiffs also assert claims under the New Jersey Consumer Fraud Act, Subchapter 16, Home Improvement Practices, and under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (Compl. ¶¶ 85-99.) Finally, Plaintiffs assert a claim of negligence. (Compl. ¶¶ 100-6.)

Defendants filed this motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer this action to the United States District Court for the District of New Jersey ("District of New Jersey").

## II. Discussion

The United States District Court for the Eastern District of Pennsylvania ("Eastern District") is not the proper venue for Plaintiffs' claims. Defendants were

never subject to personal jurisdiction in the Eastern District, none of the Defendants reside in the Eastern District, and none of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District. Thus, venue in the Eastern District is improper, and Plaintiffs' claims will be transferred to the District of New Jersey under § 1406(a). *See* 28 U.S.C. §§ 1391(a), 1406(a).

### A. Defendants were not subject to personal jurisdiction in the Eastern District at any time.

Defendants were not at any time subject to personal jurisdiction in the Eastern District, as this court has neither general nor specific jurisdiction over Defendants. General jurisdiction may exist independent of the cause of action or injury at issue. 42 Pa.C.S.A. § 5301(b). Specific jurisdiction is based upon acts occurring within Pennsylvania from which a plaintiff's injury or claims arise. 42 Pa.C.S.A. § 5322(c). The importance of this inquiry lies in that personal jurisdiction is not only an independent basis for proper venue, but it also dictates where a corporation resides. Thus, in determining if venue is proper in the Eastern District, the necessary preliminary inquiry is whether this court has personal jurisdiction over Defendants.

#### *1. This court may not assert general personal jurisdiction over Defendants.*

A court is said to exercise general jurisdiction when "the plaintiff's claim

does not arise out of the defendant's contacts with the forum." *Imo Indus. v. Kiekert AG*, 155 F.3d 254, 259 n.2 (3d Cir. 1998). In Pennsylvania, general jurisdiction may be asserted over an individual when (1) the individual is present in the Commonwealth when process is served; (2) the individual is domiciled in Pennsylvania, or (3) by consent. 42 Pa.C.S.A. § 5301(a)(1). General jurisdiction may be asserted over a corporation when (1) it is incorporated in Pennsylvania; (2) it qualifies as a foreign corporation in Pennsylvania; (3) by consent; or (4) it carries on "a continuous and systematic part of its general business" in Pennsylvania. 42 Pa.C.S.A. § 5301(a)(2).

Here, Defendant Tsapis is a resident and domiciliary of New Jersey. (Defs.' Mem. 4.) He was not in Pennsylvania at the time of service. (*See* Request for Default, Document No. 4, 4.) Also, it is clear from the filing of the motion at hand that Defendant Tsapis does not consent to an exercise of general jurisdiction by this court. Hence, this court may not assert general jurisdiction over Defendant Tsapis.

Similarly, Yanni's Remodeling is a New Jersey corporation that has never performed any work in Pennsylvania, or even purchased materials from any Pennsylvania suppliers. (Defs.' Mem. 4.) Defendant has never been located in, nor owned any real property or businesses in Pennsylvania. (Defs.' Mem. 4.)

Even according to Plaintiffs, Defendants' business with Pennsylvania residents has been limited to their contracts with Plaintiffs, and asking Plaintiffs to provide introductions for potential future business. (Pls.' Mem., Document No. 10, 3-4.) Hence, Defendant Yanni's Remodeling has not maintained sufficient continuous and systematic contacts with Pennsylvania to justify this court's assertion of general jurisdiction. Finally, it is clear from the motion at hand that Defendant Yanni's Remodeling also does not consent to an assertion of general jurisdiction by this court. Thus, this court may not assert general jurisdiction over either Defendant.

>   *2.     This court may not assert specific jurisdiction over Defendants.*

A court exercises specific jurisdiction when plaintiff's cause of action "is related to or arises out of the defendant's contacts with the forum." *Imo*, 155 F.3d at 259. When a district court sits in diversity, it may assert specific jurisdiction "over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prod. Co. V. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute allows personal jurisdiction to be asserted over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contacts with this Commonwealth allowed under the Constitution of the

United States." 42 Pa.C.S.A. § 5322(b). Thus, the analysis of jurisdiction under Pennsylvania's long-arm statute coincides with that under the Due Process Clause of the Fourteenth Amendment.

Federal due process requires that the defendant must first have the minimum contacts with the forum necessary for the defendant to have "reasonably anticipated being haled into court there." *Pennzoil*, 149 F.3d at 201 *(quoting Worldwide Volkswagen Corp. V. Woodson*, 44 U.S. 286, 297 (1980) (citations omitted)). The court must find "some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 325, 253 (1958). The court must take into account "the relationship among the forum, the defendant and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Even if the necessary minimum contacts have been established, an assertion of personal jurisdiction must still comport with "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

It is not required that a defendant have a "physical presence in the forum before personal jurisdiction is exercised." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993). Yet, it is well settled that "an individual's contract with an out-of-state party *alone* cannot automatically

6

establish sufficient minimum contacts in the other party's home forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).  Rather, a court should consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing" to determine if a non-resident defendant should be subject to suit in the plaintiff's chosen forum. *Id.* at 479.  Moreover, "mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." *Grand Entertainment*, 988 F.2d at 482.

     Here, Plaintiffs argue that Defendants' following contacts with the Eastern District satisfy the threshold necessary for personal jurisdiction: (1) mail, faxes and phone calls to Pennsylvania initiated by Defendants; (2) acceptance of two wire transfers and seven checks drawn on Pennsylvania bank accounts; and (3) hiring a Pennsylvania lawyer to try and collect outstanding fees.  (Pls.' Mem. 7.)

     *Burger King* teaches that those who " *reach out beyond their state* and create continuing relationships and obligations with citizens of another state are subject to the regulation and sanctions in another State for the consequences of their activities.  471 U.S. at 473 (emphasis added).  However, this does not seem to apply to Defendants.  Plaintiffs do not dispute that the April 9, 2005 contract, from which this action arises, involves property in New Jersey only (Pls.' Mem. 2;

Defs.' Mem. 8.) Plaintiffs do not dispute that they retained Defendants in New Jersey, or that all meetings and negotiations regarding the April 9, 2005 contract occurred in New Jersey. (Defs.' Mem. 8.)

Instead, Plaintiffs argue that Defendants' actions reaching into Pennsylvania through phone, mail and negotiations are sufficient to find specific personal jurisdiction. (Pl.'s Mem. 6.) However, this court finds Plaintiffs' argument unpersuasive, as even the two cases cited by Plaintiff do not support a finding of specific personal jurisdiction in this case. In *North Penn Gas Co. v. Corning Natural Gas Corp.*, the court found Defendant had reached out beyond its state when it not only conducted wire communications with the forum state, but also when performance of the parties' contract involved an activity within the forum state. 897 F.2d 687, 690 (3d Cir. 1990) (holding that the court could assert specific personal jurisdiction when defendant not only made consecutive payments into the forum state, but also reserved physical storage space in the forum state as well); *see also Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990) (finding specific personal jurisdiction where mail and telephone communications was combined with entering the forum state to deliver a boat for which the parties had contracted). Here, the parties contracted for work on Plaintiffs' house in New Jersey. Thus, performance of the parties' contract did not require Defendants to

conduct any activities in the Eastern District beyond mail and wire communications. Hence, Defendants' mail and wire communication with the Eastern District do not constitute Defendants reaching out beyond their home state.

Moreover, while the court in *Grand Entertainment* did find specific personal jurisdiction from telexes and calls to the forum state alone, the court was careful to note that those contacts actually gave rise to the dispute at issue. 988 F.2d at 483. If "the contacts evaluated are those that give rise to the litigation, even one contact with the forum may be enough to justify jurisdiction." *Id.* The subject of the underlying litigation in *Grand Entertainment* was whether the telexes, twelve of which were sent to the forum state, and telephone calls, several of which involved a party located in the forum state, resulted in a binding agreement. *Id.* at 480. In contrast, Plaintiffs' claims in this action arise from Defendants' performance, outside of the Eastern District, of a contract negotiated and signed outside of the Eastern District as well. (Defs.' Mem. 8.) Thus, unlike *Grand Entertainment*, the action at hand does not arise directly out of the contacts at issue. The mail and wire communications across state lines in this case are not sufficient to support an assertion of specific personal jurisdiction over Defendants.

Beyond the mail and wire communications across state lines, the only other

9

contact with the Eastern District that Plaintiffs can point to is Defendants' hiring of "a Pennsylvania lawyer to try and collect 'alleged' outstanding fees." (Pls.' Mem. 7.) However, Plaintiffs' cause of action arises from the April 9, 2005 contract between the parties, not from Defendants' hiring of a Pennsylvania attorney, even if the attorney was hired to collect outstanding fees from Plaintiffs. (Pls.' Mem. 2.) A forum may assert specific jurisdiction over a non-consenting out-of-state defendant when "the defendant has purposefully directed his activities at residents of the forum...and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (citations omitted). This court fails to see how Plaintiffs' injuries arise out of or are related in any way to Defendants' hiring of an attorney. Thus, Plaintiffs' argument is unpersuasive, as this action of Defendants may not count toward the minimum contacts necessary to support jurisdiction.

Defendants do not have the minimum contacts with Pennsylvania necessary for this court to exercise specific jurisdiction over them under either the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5322, or the Due Process Clause of the Fourteenth Amendment. As this court finds specific jurisdiction fails on the minimum contacts prong, it declines to reach whether the exercise of specific jurisdiction over Defendants would violate traditional notions of fair play and

substantial justice.

As this court can assert neither general nor specific jurisdiction over Defendants, Defendants were not subject to personal jurisdiction in the Eastern District at any time.

### B. Because venue is improper in the Eastern District, Plaintiffs' claims will be transferred to the District of New Jersey under § 1406(a).

Typically, § 1391(a) governs venue in a civil action where jurisdiction is founded solely on diversity of citizenship. *See* 28 U.S.C. § 1391(a). Under § 1391(a), a suit can be filed in a judicial district (1) where any defendant resides, if all defendants reside in the same State; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *Id.* However, the Eastern District does not meet the requirements of any of these provisions. Thus, venue in the Eastern District is improper.

If venue is improper in a given forum, under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As venue in

the Eastern District is improper, the court will transfer this case under § 1406(a) to the District of New Jersey, where it could have originally been brought.

### *1.   Venue is improper in the Eastern District.*

Venue is improper in the Eastern District because Defendants do not reside in the Eastern District, nor did a substantial part of the events or omissions giving rise to the claim occur therein. Moreover, as explained above, Defendants are not subject to personal jurisdiction in the Eastern District. *See supra* Part II.A. Thus, under § 1391(a), Plaintiffs have no proper basis for venue in the Eastern District.

### a.   Defendants do not reside in the Eastern District.

Venue would lie in a judicial district where any defendant resides, if all defendants reside in the same state. *See* 28 U.S.C. § 1391(a)(1). For the purposes of venue, residency of an individual is equivalent to permanent residence or legal domicile. 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 110.03[1] (3d ed. 2007). In other words, "where the person has his or her true, fixed, and permanent home, and to which he or she has the intention of returning in the future although he or she may presently be absent from there." *Id.* Under § 1391(c), a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Here, none of the Defendants reside in Pennsylvania. Defendant Tsapis has never lived in Pennsylvania. (Defs.' Mem. 4.) He currently lives in New Jersey, and considers himself a citizen of New Jersey. (Declaration of John Tsapis, Document No. 6-3, ¶ 2("Def.'s Decl.")). As outlined above, Defendant Yanni's Remodeling has never been subject to personal jurisdiction in Pennsylvania, and therefore, does not reside therein. *See supra* Part II.A. Thus, Defendants do not reside in the state of Pennsylvania, much less the Eastern District.

### b. Little of the events or omissions giving rise to the claim occurred in the Eastern District.

Venue is proper if brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(2). When determining whether events or omissions in a given district satisfy this test, "it is necessary to look at the nature of the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). Events or omissions with only a "tangential connection with the dispute in litigation are not enough." *Id.* at 294. The requirement of substantiality is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Here, the nature of Plaintiffs' claim is one of breach of contract. (Compl. ¶

9.) Yet, all the work contracted for was to be performed on Plaintiffs' house in New Jersey. (Defs.' Mem. 2; Compl. ¶ 6.) All negotiations and meetings related to the contract were conducted in New Jersey. (Defs.' Mem. 2.) Plaintiffs have failed to present any significant events or omissions occurring in the Eastern District that could "give rise" to their claims. Thus, no substantial part of the events or omissions giving rise to this claim occurred in the Eastern District, and venue will not lie on such a basis.

### c.     No Defendant is subject to personal jurisdiction in the Eastern District.

Venue will lie in any judicial district where a defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which an action may be brought. *See* 28 U.S.C. § 1391(a)(3). However, as explained above, Defendants were never subject to personal jurisdiction in the Eastern District. *See supra* Part II.A. Thus, even if there was no other district in which this action could have been brought,[1] this action still could not have been brought in the Eastern District. Hence, for this case, venue in the Eastern District is unequivocally improper.

---

[1] It should be noted that, as explained *infra*, this case could have been brought in the District of New Jersey. *See infra* Part II.B.2. Thus, even if the Eastern District could assert personal jurisdiction over Defendants, the catch-all provision of § 1391(a) still would not have made venue proper in the Eastern District. *See* 28 U.S.C. § 1391(a)(3).

### 2. This case will be transferred to the District of New Jersey.

Under § 1406(a), if venue is improper, the district court shall dismiss the case or, if the interest of justice requires it, transfer that case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, if venue is improper, the district court has limited discretion; it can either dismiss the case or transfer it to a district in which it could have originally been brought. *Id.* However, it must do one or the other. *Id.* Dismissal is considered "a disfavored remedy because of the strains it imposes on judicial and party resources." *Knight v. Corp. for Nat'l and Community Servs.*, No. 03-2433, 2004 WL 2415079, at *6 (E.D.Pa. Oct. 28, 2004); *see also Goldlawr,* 369 U.S. at 466.

Under § 1406(a), the burden is on the moving party to establish that the transfer is warranted. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-5 (3d Cir. 1982) (holding that "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss" under § 1406). It should also be noted that this court's lack of personal jurisdiction over Defendants is no bar to the transfer of this case under § 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

As explained above, venue is improper in the Eastern District. *See supra*

Part II.B.1. Yet, venue would be proper in the District of New Jersey. In accordance with § 1391(a)(1), both Defendants reside in New Jersey. *See supra* Part II.B.1.a. Defendant Tsapis currently lives in New Jersey, and considers himself a citizen of New Jersey. (Def.'s Decl. ¶ 2.) Moreover, Defendant Yanni's Remodeling is a New Jersey corporation with its principal place of business in New Jersey. (Defs.' Mem. 4.) Thus, both Defendants are subject to personal jurisdiction in the District of New Jersey, and reside therein as well. *See* 1B N.J. Prac. R. 4:4-4(a)(1), (6) (5th ed. 2007).

Moreover, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in New Jersey as well. *See supra* Part II.B.1.b. All the work contracted for was to be performed on Plaintiffs' house in New Jersey. (Defs.' Mem. 2; Compl. ¶ 6.) All negotiations and meetings related to the contract were conducted in New Jersey. (Defs.' Mem. 2.) Thus, New Jersey satisfies both §§ 1391(a)(1) and (2), and Plaintiffs' case could have originally been brought there. *See* 28 U.S.C. § 1391(a). As a result, this court will transfer this case to the District of New Jersey under § 1406(a).

### III.  Conclusion

Venue for this case is governed by § 1391(a), which enumerates three

situations in which venue is proper. Yet, litigating this case in the Eastern District conforms with none of those situations. Thus, venue in the Eastern District is improper. However, this case could have originally been brought in the District of New Jersey. As a result, this court will transfer this case to the District of New Jersey under § 1406(a).

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSAMOND ISENBERG, et al., Plaintiffs, v. YANNI'S REMODELING, et al., Defendants. | CIVIL ACTION NO. 07-3646 |

## ORDER

**AND NOW,** this 31st day of October, 2007, upon consideration of Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer Venue" (Document No. 6), and Plaintiffs' response thereto (Document No. 10), it is hereby **ORDERED** as follows:

1. Defendants' motion is **GRANTED**; and

2. This case is transferred to the United States Court for the District of New Jersey.

3. The pretrial conference scheduled for November 8, 2007 is **CANCELLED**.

BY THE COURT:

/s/ Marvin Katz
_____
**MARVIN KATZ, S.J.**